IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| BAYVIEW LOAN SERVICING, L.L.C., § <br> AS SERVICER FOR BAYVIEW § <br> FINANCIAL PROPERTY TRUST, § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § <br> ESTELA MARTINEZ AND ALL OTHER § <br> OCCUPANTS, § <br> § <br> Defendants. § | Civil Action No. **3:12-CV-695-L** |

**MEMORANDUM OPINION AND ORDER**

Before the court is Plaintiff's Motion to Remand and Plaintiff's Amended Motion to Remand, both filed March 15, 2012. Defendants Estela Martinez and All Other Occupants filed no response to the motion. After careful consideration of the motion, brief, record, and applicable law, the court **grants** Plaintiff's Amended Motion to Remand and **denies as moot** Plaintiff's Motion to Remand.

**I.      Background**

Plaintiff Bayview Loan Servicing L.L.C., as Servicer for Bayview Financial Property Trust ("Plaintiff" or "Bayview"), originally filed this action in the Justice Court, Justice of the Peace, Precinct 3, Place 3, Dallas County, Texas, in the fall of 2011. Contrary to the assertion in the record, this case was not originally filed in County Court at Law Number 5. Bayview filed a forcible detainer action against Estela Martinez ("Defendant" or "Martinez") and others, and forcible detainer actions are brought in justice courts. Tex. Prop. Code Ann. § 24.004 (West 2000). This section was amended in 2011 by the Texas Legislature to be effective in January 2012; however, the

amendment did not change the justice court's original jurisdiction in this case. *See* Tex. Prop. Code Ann. § 24.004 (West Supp. 2011). The case was appealed from the Justice Court to County Court at Law Number 5. Martinez removed this action to federal court on March 7, 2012, contending that diversity of citizenship exists between the parties and that the amount in controversy exceeds $75,000, exclusive of interest and costs. Bayview disagrees and seeks a remand based on lack of subject matter jurisdiction, improper removal (ban on removal by in-state defendant), and untimely removal. Because the court determines that the second ground is dispositive of the motion to remand, it will not address the first and third grounds argued by Bayview.

## II.   Discussion

The statute that governs removal of cases in general is 28 U.S.C. § 1441. The relevant provision of the statute provides:

> Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

28 U.S.C. § 1441(b). Although this statute allows removal based on diversity, it does not apply to those actions in which any defendant is a citizen of the state in which the action is brought. *Id.*; *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996); *McKay v. Boyd Constr. Co.*, 769 F.2d 1084, 1087 (5th Cir. 1985). Bayview appears to conflate the issue of lack of subject matter jurisdiction and the ban on removal by an in-state defendant, as it discusses the in-state defendant rule under its section on subject matter jurisdiction. "[T]he presence of an in-state defendant is a procedural defect that is waived unless raised within thirty days of removal." *Denman v. Snapper Div.*, 131 F.3d 546, 548

(5th Cir. 1998) (citations omitted); *Schexnayder v. Entergy Lousiana, Inc.*, 394 F.3d 280, 284 (5th Cir. 2004) (citation omitted).  The presence of an in-state or non-diverse defendant is "not a problem of subject matter jurisdiction." *Williams v. AC Spark Plugs Div. of GM Corp.*, 985 F.2d 783, 787 (5th Cir. 1993) (citation omitted).  In other words, in such cases a court has jurisdiction, but Congress has decided that an in-state defendant should not be allowed to remove an action to federal court; however, assuming there is diversity and an in-state defendant is a party, the court can hear the case if a plaintiff fails to object to the presence of the in-state defendant within thirty days of the date of removal.  *Id.* at 789.  In this case, Martinez is a citizen of Texas, and Bayview timely objected to her presence.  Notice of Removal 1, ¶ 5.  Accordingly, she is procedurally barred from removing this action to federal court.

### III.   Request for Attorney's Fees

Bayview seeks attorney's fees and costs incurred for obtaining a remand of this action to state court pursuant to 28 U.S.C. § 1447(c).  Section 1447(c) provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). There is no "automatic entitlement to an award of attorney's fees." *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 292 (5th Cir. 2000).  Bad faith is not "a prerequisite to awarding attorney fees and costs."  *Id.* (citation omitted).  "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal.  Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005) (citations omitted).  In this regard, the court must decide "whether the defendant had objectively reasonable grounds to believe the removal was legally proper" at the time of removal,

**Memorandum Opinion and Order - Page 3**

"irrespective of the fact that it might ultimately be determined that removal was improper." *Valdes*, 199 F.3d at 293.

Based on the court's review of the facts and circumstances, an award of attorney's fees to Bayview is not warranted. Martinez is proceeding *pro se* and is not an attorney. While this case should have not been removed, the court in exercising its discretion determines that the interests of justice are not served by awarding attorney's fees to Bayview under these circumstances. In any event, to the extent that Bayview requests attorney's fees on appeal, such request is not appropriate, as it is based on an event yet to occur. Accordingly, the court will not permit an award of attorney's fees and costs.

## IV. Conclusions

For the reason herein stated, the action cannot be removed to federal court. Accordingly, the court **grants** Plaintiff's Amended Motion to Remand, **denies as moot** Plaintiff's Motion to Remand, and **remands** this action to County Court at Law Number 5, Dallas County, Texas. The clerk of court shall effect this remand in accordance with the ususal procedure. Further, for the reason previously stated, the court **denies** Plaintiff's request for attorney's fees and costs.

**It is so ordered** this 13th day of April, 2012.

Sam A. Lindsay
United States District Judge

**Memorandum Opinion and Order - Page 4**